# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Clovis Johnson,
     Plaintiff,

     v.

Jamaica Government, et al.,
     Defendants.

No. 3:13cv1058 (SRU)

## Order Dismissing Case

Plaintiff Clovis Johnson ("Johnson"), a citizen of Jamaica and inmate at Osborn Correctional Institution in Somers, Connecticut, brings this lawsuit against the Government of Jamaica ("Jamaica") and the Ambassador of Jamaica to the United States ("Jamaican Ambassador"),[1] for violations of international law in connection with Jamaica's failure to process his application to renounce his citizenship. Jurisdiction is premised on 28 U.S.C. § 1351, which grants federal district courts original, exclusive jurisdiction over suits against foreign consular officers and members of diplomatic missions or their families. Johnson proceeds pro se and in forma pauperis.

Johnson has filed a motion to compel (doc. # 7) and motion for default entry against the defendants pursuant to Fed. R. Civ. P. 55(a) (doc. # 8). After reviewing the complaint, however, it is clear that Johnson has failed to state a cause of action. Moreover, it is not possible for Johnson to amend his complaint to state a cause of action against the named defendants, because they are immune from suit in the courts of the United States. Therefore Johnson's complaint is dismissed with prejudice, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and both motions are denied as moot.

---

[1] Johnson's complaint incorrectly names Gordon Shirley as the Jamaican Ambassador. At all times relevant to this litigation, Steven Vasciannie has been the Jamaican Ambassador to the United States. *See* http://www.embassyofjamaica.org/profile_ambassador.htm (last visited June 20, 2014).

I. **Background**

  Johnson is a citizen and native of Jamaica, who illegally entered the United States via Miami, Florida as a stowaway in 1984.  In 1990, Johnson was convicted in the Bridgeport, Connecticut Superior Court of possession of narcotics with intent to sell, in violation of Conn. Gen. Stat. § 21a-277(a), and carrying a pistol without a permit, in violation of Conn. Gen. Stat. § 29-35(a).  In August 1992, Johnson pleaded guilty to first degree manslaughter, in violation of Conn. Gen. Stat. § 53a-55(a)(1), possession of a firearm, in violation of Conn. Gen. Stat.  § 29-35, and alteration of a firearm identification mark, in violation of Conn. Gen. Stat. § 29-36.  He was sentenced to 27 years' imprisonment.

  On July 18, 1995, an Immigration Judge ("IJ") ordered Johnson deported to Jamaica, and an immigration detainer was filed with respect to Johnson on December 31, 1996, after the order of deportation became administratively final.[2]  Johnson was released to parole in 2012 and the immigration authorities took steps to secure travel papers for his deportation to Jamaica.  Before those plans were finalized, however, Johnson was convicted in the Connecticut Superior Court in New Haven, Connecticut on October 25, 2012, after entering a plea of guilty to Criminal Possession of a Pistol/Revolver in violation of Conn. Gen. Stat. § 53a-217c.  He was sentenced to two years' imprisonment and remains incarcerated at Osborn.

  Johnson never appealed the IJ's order of deportation.  However, he has filed approximately a dozen actions in the District of Connecticut that, in various ways, attempt to obtain relief from the IJ's order and to avoid deportation.  Johnson has filed numerous habeas

---

[2] The initial order of deportation was amended on January 16, 1996, but Johnson was again ordered deported to Jamaica.

petitions,[3] two motions to reopen his removal proceedings, an I-589 Application for Asylum and for Withholding of Removal, and a suit against the government of the United Kingdom for denial of his application for asylum.  Failing to obtain relief through any of those avenues, Johnson now attempts to renounce his Jamaican citizenship, so that he will not be deported to Jamaica upon his release from prison.  He asks the court to compel Jamaica to act on his petition to renounce his citizenship.

## II.    Standard of Review

Johnson has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis (doc. # 5).  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a district court shall dismiss an in forma pauperis action if the court determines that the complaint "fails to state a claim on which relief may be granted."  *See Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000) (noting that under the Prison Litigation Reform Act, "dismissal for failure to state a claim is mandatory").  In reviewing the complaint, the court "accept[s] as true all factual allegations" contained therein and draws all inferences from those allegations in the light most favorable to the plaintiff.  *Id.* at 596 (internal citations omitted).  Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 597.  Moreover, the court should permit a pro se plaintiff who is proceeding in forma pauperis to file an amended complaint, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

## III.    Discussion

### A.  The Foreign Sovereign Immunities Act Bars Johnson's Claims Against Jamaica

---

[3] One of those petitions remains pending as of the date of this ruling. *See* Johnson v. Holder 13cv385 (SRU).

"The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state . . . as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity."  28 U.S.C. § 1330(a).  The Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1602 *et seq.*, however, provides the sole basis for obtaining jurisdiction over a foreign sovereign in a United States court.  *See Republic of Arg. v. Weltover, Inc.*, 504 U.S. 607, 610-11 (1992).

Under the FSIA, foreign states are presumptively immune from suit.  28 U.S.C. § 1604; *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993).  In order to rebut the FSIA's presumption of immunity, the plaintiff must demonstrate that the relevant activities of the foreign state fall within one of the FSIA's enumerated exceptions to immunity.  *See* 28 U.S.C. §§ 1605-1607.  If the plaintiff fails to rebut the presumption of immunity, then the court lacks subject-matter jurisdiction over the claim against the foreign state.  *Id.*

Jamaica is presumptively immune from suit in the courts of the United States and Johnson's complaint must plausibly allege that Jamaica's failure to review his application to renounce his citizenship gives rise to a cause of action for which immunity does not apply.  Johnson's complaint makes no attempt to link Jamaica's alleged wrongful conduct to any of the exceptions found in the FSIA.  Moreover, it is clear that none of those exceptions plausibly could apply.  *See id.*  Jamaica has not waived its immunity by appearing or answering.  *See* 28 U.S.C. § 1605(a)(1).  Although Johnson invokes the Federal Arbitration Act, 9 U.S.C. § 201, this is not an action brought "to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties . . . concerning a subject matter capable of settlement by arbitration under the laws of the United States."  28 U.S.C. § 1605(a)(6).  And none of the other exceptions are even

hypothetically relevant to this case, which does not involve commercial activities, non-commercial tortious activities within the United States or any property located in this country. *See* 28 U.S.C. §§ 1605-1607.  Therefore, Johnson's claims against Jamaica are dismissed with prejudice, for lack of subject-matter jurisdiction.  *See Nelson*, 507 U.S. at 355; *see also Johnson v. U.K. Gov't*, 608 F. Supp. 2d 291, 294-95 (D. Conn. 2009).

> B.  The Jamaican Ambassador is Immune from Suit in this Case

Johnson also brings suit against the Ambassador of Jamaica to the United States.  District courts have original, exclusive jurisdiction over "members of a [diplomatic] mission or members of their families."  28 U.S.C. § 1351.  Ambassadors, as heads of diplomatic missions, are included within this provision.  *E.g.*, *Montuya v. Chedid*, 779 F. Supp. 2d 60, 61-62 (D.D.C. 2011).  "Jurisdiction under section 1351, however, may be limited by statute or treaty, such as the FSIA or the Vienna Convention."  *Johnson*, 608 F. Supp. 2d at 295 (citing *Whitney v. Robertson*, 124 U.S. 190 (1888)).

The FSIA does not bar immunity for the acts of individual foreign officials undertaken in their official capacities.  *Samantar v. Yousuf*, 560 U.S. 305, 319 (2010) ("Reading the FSIA as a whole, there is nothing to suggest we should read 'foreign state' in § 1603(a) to include an official acting on behalf of the foreign state, and much to indicate that this meaning was not what Congress enacted.").  Under Article 31(1) of the Vienna Convention on Diplomatic Relations ("VCDR"), though, diplomatic agents, including ambassadors, "enjoy immunity from [the receiving state's] civil and administrative jurisdiction."  VCDR, art. 31(1); *Montuya*, 779 F. Supp. 2d at 62.  Congress implemented the VCDR through the Diplomatic Relations Act, 22 U.S.C. § 254d, which provides: "Any action or proceeding brought against an individual who is

entitled to immunity with respect to such action or proceeding under the Vienna Convention on

Diplomatic Relations . . . shall be dismissed."[4]  *Id.*

Like the FSIA, the VCDR provides exceptions to diplomatic immunity.  Those

exceptions are: (a) actions involving private immovable property situated in the territory of the

receiving State, unless the property is held on behalf of the sending State for the purposes of the

mission; (b) actions relating to succession, where the diplomatic agent is involved as executor,

administrator, heir or legatee in his private capacity; and (c) actions relating to the diplomatic

agent's professional or commercial activities in the receiving State outside his official functions.

VCDR, art. 31(1).  Johnson makes no attempt to link his allegations to those exceptions, and

none of them is even remotely relevant to Johnson's petition to renounce his citizenship.

Moreover, there is no individual that Johnson could bring an action against who would not be

cloaked in immunity, because decisions related to citizenship are made by diplomatic and

consular agents exercising their official functions.  *See, e.g.*, *Johnson*, 608 F. Supp. 2d at 296-97

(dismissing action brought by Johnson pursuant to 42 U.S.C. § 1983 against British Consul-

General in New York for failure to grant Johnson political asylum, because such determinations

involve consular functions and therefore are subject to immunity under Article 43 of the Vienna

Convention on Consular Relations).  Therefore, Johnson's claims against the Jamaican

Ambassador must also be dismissed with prejudice.  22 U.S.C. § 254d.

---

[4] The Diplomatic Relations Act provides that a particular individual's immunity "may be established upon motion or
suggestion by or on behalf of the individual."  22 U.S.C. § 254d.  Here, it appears that Johnson incorrectly named
Gordon Shirley as Ambassador; however, whether the complaint properly identifies Shirley or Steven Vasciannie as
the Ambassador is largely irrelevant, because Johnson is suing the Ambassador *because* he is the Ambassador, not
because of any particular acts committed by Shirley.  *Cf. Montuya*, 779 F. Supp. 2d at 62 (State Department
determination that  Antoine Chedid was Lebanese Ambassador and Afife Nicole Chedid was his wife was important
to determination of immunity where Chedid's domestic servant  brought action alleging failure to pay minimum
wage).

**IV.      Conclusion**

For the foregoing reasons, the plaintiff's motion to compel is **DENIED** and his motion for

default entry pursuant to Fed R. Civ. P. 55(a) is **DENIED**.  The case is dismissed with prejudice.

The clerk shall close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of July 2014.


/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge